UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VALENCIA PARSONS,

      Petitioner,

  v.                                                  Case No. 07-C-555

UNITED STATES OF AMERICA,

      Respondent.

---

**ORDER**

---

On June 18, 2007, Valencia Parsons, an inmate at the federal prison camp in Bryan, Texas, filed this petition pursuant to 28 U.S.C. § 2255, asserting that her incarceration is unconstitutional. A jury found Parsons guilty of conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and five counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. She was sentenced on November 23, 2004, to sixty months in the custody of the Bureau of Prisons with the recommendation that she be considered for an Intensive Confinement Center (boot camp). In January 2005, the federal boot camp program was terminated by the Bureau of Prisons in light of budget pressures and a finding that the program did not reduce recidivism. *See Serrato v. Clark,* — F.3d —, 2007 WL 1344024, *2 (9th Cir. 2007). Because circumstances have changed since her sentencing, Parsons asks this court to vacate the original sentence and impose a sentence in accord with the period of time this court originally intended Parsons to serve.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases.

Section 2255 allows a prisoner to bring a collateral attack on the basis that the sentence is unconstitutional. In other words, a § 2255 motion must be directed towards the conviction or sentence itself rather than the manner in which the sentence is carried out. When a prisoner wishes to challenge the execution of his sentence, he must generally resort to § 2241. Here, to some extent, the motion is based not on the sentence itself, but on events that occurred after the sentence was issued. As such, to the extent the motion attempts to challenge the BOP's actions in cancelling the boot camp program, it must be brought under § 2241 in the district in which the petitioner is incarcerated. For instance, in *Almanza v. Federal Bureau of Prisons,* 2006 WL 44072, *9 (S.D. Tex. 2006), the court in the Southern District of Texas considered (and rejected) similar claims brought under § 2241 by another female inmate at the federal prison camp in Bryan, Texas:

> To the extent that the petitioner complains that termination of the boot camp program affects the way in which her sentence will be performed, such a challenge is actionable under 28 U.S.C. § 2241. In this context, however, the petitioner has no general due process right to participate in the boot camp program, which was always contingent upon the "sound correctional judgment" of the BOP and the "availability of Bureau resources."

Although some of petitioner's challenge is more properly considered under § 2241, I have jurisdiction to entertain any challenge to the sentence itself under § 2255. Such a claim must allege that some error occurred at the time of sentencing, and the argument Parsons makes on that score

2

has met with some success elsewhere. In *Fason v. Sanders,* 2005 WL 2897041, *7 (E.D. Ark. 2005), for example, the court first considered and rejected a § 2241 challenge to the BOP's cancellation of the boot camp program. However, the court suggested the petitioner might bring a successful § 2255 claim before the sentencing judge:

> Notwithstanding the foregoing, the Court has some concern as to whether Fason's sentence was imposed in violation of his right to due process. It is possible that the district court judge who sentenced Fason relied on the fact that the "Boot Camp" Program was an available option and that Fason would be considered for participation in the Program. It was not, however, an available option, and Fason was never considered for participation in the Program because the BOP had ceased considering prisoners as of November of 2004, or one month before he was actually sentenced. The Court has no idea whether his participation in the Program was a material part of the district court judge's sentence. The answer to that question is for the district court judge who sentenced Fason, a question that can only be addressed by the sentencing judge in the context of a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. 2255.

*Id.*

Similarly, the district court in *McLean v. United States,* 2005 WL 2371990, *5 (D.Or. 2005) granted a motion to vacate in exactly this situation:

> When imposing sentence, I relied on the fact that the [boot camp] Program was an available option and that defendant would be considered for participation in the Program. However, this fact was not correct or reliable at the time of sentencing on December 16, 2004. Although the Program was not formally terminated until January 14, 2005, prisoners were not being considered for eligibility as of November 2004.

*Id.*

Unlike *Fason* and *McLean*, however, the unavailability of the boot camp program could not have made any difference in the sentence Parsons was given in this case. The plain fact is that the court imposed the most lenient sentence the law allowed. Two of the seven crimes of which Parsons was convicted carried mandatory minimum sentences of five years, which was the sentence

3

Parsons received. *See* 21 U.S.C. § 841(b)(1)(B). Moreover, the sentence imposed by the Court was substantially under the range prescribed by the United States Sentencing Guidelines for her conduct. Had the Court followed the Guidelines, Parsons would have received a sentence between 97 and 120 months. Despite the fact that Parsons went to trial and did not accept responsibility until sentencing, the Court nevertheless imposed a below-Guideline sentence after carefully considering all of the facts of the case and, in particular, her own history and character, and the absence of a prior criminal record. The law did not permit a lesser sentence and, thus, the unavailability of the boot camp program could not have made a difference. Under these circumstances, Parsons' § 2255 motion fails to state a claim upon which relief can be granted. Accordingly, her motion will be summarily denied and the case dismissed.

Parsons has also filed a motion for appointment of counsel. The motion will be denied as moot, since her case is being summarily dismissed.

Accordingly, **IT IS ORDERED** that Parson's motion for relief under 28 U.S.C. § 2255 is summarily **DENIED** and the case **DISMISSED**. Her motion for appointment of counsel is **DENIED** as moot.

Dated this   21st   day of June, 2007.

      s/ William C. Griesbach
William C. Griesbach
United States District Judge